J-S33021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMAURY HERNANDEZ-SANDOVAL | : | |
| | : | |
| Appellant | : | No. 700 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0012575-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| AMAURY HERNANDEZ-SANDOVAL | : | |
| | : | |
| Appellant | : | No. 701 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 21, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003657-2017

BEFORE:  KUNSELMAN, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.:                    **FILED DECEMBER 6, 2022**

Appellant, Amaury Hernandez-Sandoval, appeals *nunc pro tunc* from the judgment of sentence imposed by the Philadelphia County Court of Common Pleas, following his jury trial convictions for endangering the welfare of a child ("EWOC"), corruption of minors, unlawful contact with a minor, and involuntary deviant sexual intercourse ("IDSI") with a child.  We affirm.

The relevant facts and procedural history of this case are as follows. On November 23, 2015, police arrested Appellant and charged him at Docket No. 12575-2015 with EWOC and corruption of minors stemming from the sexual abuse of his son, N.H.[1] The abuse began when N.H. was six and continued until he was ten years old. It occurred most weekends when N.H. and his sister spent time with their father, Appellant. On March 10, 2017, N.H. revealed more of the abuse perpetrated on him. Based on these additional allegations, Appellant was again arrested and charged at Docket No. 3657-2017 with unlawful contact with a minor and IDSI with a child.[2] The case proceeded to trial on May 21, 2018.

> During his testimony, N.H. described the acts that were forced upon him in his father's home. While in Appellant's bedroom, Appellant would pull down N.H.'s pants and his own and put his penis in N.H.'s anus. ([N.T. Trial, 5/22/18,] at 51-53). Appellant would move "back and forth" and deposit his sperm on N.H.'s backside upon completion. (***Id.*** at 86-88). N.H. described it as painful and would scream and cry into a pillow from the pain. (***Id.*** at 86-87). Whenever Appellant forced anal sex on N.H., Appellant would tell N.H. to "keep it a secret, don't tell anyone." (***Id.*** at 51). N.H. testified that he would tell Appellant to "stop, get away from me, but basically [Appellant] kept doing it." (***Id.*** at 52). N.H. testified that Appellant did this on numerous occasions, in various rooms in the house, including Appellant's bedroom, the bathroom, and the "extra room." (***Id.*** at 53, 57, 60). N.H. testified that he was "scared of what would happen" if he told his parents [Bernice Diaz, his biological mother, and Joaquin Serrano,

---

[1] 18 Pa.C.S.A. §§ 4304(a)(1) and 6301(a)(1)(ii), respectively.

[2] 18 Pa.C.S.A. §§ 6318(a)(1) and 3123(b), respectively.

his stepfather]. (***Id.*** at 61-62).

N.H. testified that when he was seven or eight years old, Appellant told him to get on his knees. (***Id.*** at 62). The two of them were alone in Appellant's bedroom. (***Id.***) Appellant would tell N.H. to suck his penis. (***Id.*** at 62, 94). N.H. testified that this happened more than once and only occurred in Appellant's bedroom. (***Id.*** at 63-64). When asked if Appellant's mouth went anywhere on his body, N.H. testified that Appellant would perform oral sex on him. (***Id.*** at 64). This occurred in Appellant's bedroom and the "extra room." (***Id.*** at 65). N.H. testified to a particular instance where Appellant came into the "extra room," pulled N.H.'s penis out of his underwear and sucked his penis. (***Id.*** at 65). N.H. described feeling "awkward" and asking Appellant to stop but was again too afraid to tell anyone for fear of their reaction. (***Id.*** at 65-66).

Finally, N.H. testified that Appellant "jerked him off" and he was forced to "jerk off" Appellant. (***Id.*** at 90-91). N.H. described it as moving Appellant's penis "up and down." (***Id.*** at 91). Appellant would do the same thing to him, and it would end when N.H. told him to stop. (***Id.*** at 91-92).

N.H. told his five-year old "cousin," L.L., that when you masturbate, "milk" comes out of your penis and that "milk" is "your children." (***Id.*** at 97, 177). When L.L. returned home from playing with N.H. that day, L.L. told his mother what N.H. told him. (***Id.*** at 177). Ms. Bernice Diaz, mother of N.H., testified that she asked N.H. where he learned about "stuff like that." (***Id.*** at 98, 177). Ms. Diaz testified that when she told him what L.L. was saying, including that Appellant was masturbating him, N.H. began to cry. (***Id.***) N.H. told them that it was Appellant who taught him. (***Id.*** at 98). Once Ms. Diaz got this information, she called Appellant and confronted him, and then called the police. (***Id.*** at 178-179).

(Trial Court Opinion, 7/9/21, at 3-5).

On May 24, 2018, at the conclusion of trial, the jury convicted Appellant in both cases of EWOC, corruption of minors, unlawful contact with a minor,

and IDSI with a child. On November 21, 2018, the trial court sentenced Appellant at Docket No. 3657-2017 to concurrent sentences of 10 to 20 years of incarceration for unlawful contact with a minor and IDSI. The court sentenced Appellant at Docket No. 12575-2015 to consecutive sentences of two and one half to five years' imprisonment for corruption of minors and EWOC. The aggregate sentence imposed for both cases was 15 to 30 years of incarceration.

Appellant filed untimely post-sentence motions on December 4, 2018, which were denied by operation of law on April 3, 2019. Appellant filed notices of appeal at each docket on May 3, 2019; however, because the post-sentence motions were untimely filed, this Court decided that the notices of appeal were untimely and quashed the appeals. Appellant subsequently hired new counsel who filed a timely petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, seeking reinstatement of Appellant's post-sentence and direct appeal rights *nunc pro tunc*.

On October 23, 2020, the PCRA court granted Appellant's requested relief. Appellant timely filed post-sentence motions *nunc pro tunc* on November 2, 2020, which were denied by operation of law on March 3, 2021. Appellant filed timely notices of appeal at each underlying docket on April 5, 2021.[3] On April 9, 2021, the court ordered Appellant to file a concise

---

[3] This Court subsequently consolidated the appeals *sua sponte*.

statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant

timely complied with the court's order on May 4, 2021.

Appellant raises the following issues on appeal:

1. Did the court err in prohibiting the defense from objecting, and in making related rulings on May 23, 2018, at 73-75?

2. Did the court err (or abuse its discretion) in denying the weight-of-the-evidence claim, where the complaining witness kept presenting new allegations time and again?

(Appellant's Brief at 2).

In his first issue, Appellant claims that the trial court erred when it

restricted counsel at trial to saying "objection" and then only stating the

specific grounds for the objection if the trial court asked. He argues that

Pennsylvania Rule of Evidence 103(a) entitles him to state the specific ground

for his evidentiary objection, and that by prohibiting him from doing so, the

court forced him to waive his objections. (*Id.* at 3-4). We disagree.

Preliminarily, we observe that Appellant has not directed us to any

objection that he made at trial for which the court prohibited him from offering

specific grounds for that objection. In his Rule 1925(b) statement, Appellant

included specific instances where the court allegedly erred in ruling on

objections; however, he does not raise these precise allegations in his

appellate brief. Rather, Appellant merely refers this Court to "examples on

pages 73-75 of the May 23, 2018, trial date." (Appellant's Brief at 4).

Upon review, we conclude that Appellant has waived this issue. The

failure to properly develop an argument in an appellate brief, including proper citation to the record, results in waiver. ***Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007), *appeal denied*, 603 Pa. 679, 982 A.2d 509 (2007) (holding that this Court will not develop argument for appellant, nor will it "scour the record to find evidence to support an argument"). ***See also Commonwealth v. Gilbert***, 269 A.3d 601, 612 (Pa.Super. 2022) (stating: "An appellant's failure to properly develop an argument with citations to the relevant portions of the record will result in the waiver of his appellate claims") (citations omitted). Accordingly, Appellant's first issue is waived.

In his second issue, Appellant claims that the trial court erred when it denied his motion for a new trial based on the weight of the evidence. Appellant argues that the victim made the first allegations against him in 2015, and then later revealed more allegations in 2017 and 2018. Appellant contends that this "changing story" should have rendered the victim's testimony incredible. Given the inconsistencies in the victim's testimony, Appellant concludes the verdict "shocks the conscience." We disagree.

Our standard of review concerning claims that the verdict was against the weight of the evidence is well settled. When we review a weight-of-the-evidence challenge, we do not actually examine the underlying question; instead, we examine the trial court's exercise of discretion in resolving the challenge. ***Commonwealth v. Leatherby***, 116 A.3d 73, 82 (Pa.Super. 2015).

> [O]ne of the least assailable reasons for granting or denying a new trial is the [trial] court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice. A new trial is warranted in this context only when the verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail.

*Commonwealth v. Konias*, 136 A.3d 1014, 1022 (Pa.Super. 2016), *appeal denied*, 636 Pa. 673, 145 A.3d 724 (2016) (citations and quotation marks omitted).

"The finder of fact—here, the jury—exclusively weighs the evidence, assesses the credibility of witnesses, and may choose to believe all, part, or none of the evidence." *Commonwealth v. Sanchez*, 614 Pa. 1, 26-27, 36 A.3d 24, 39 (2011), *cert. denied*, 568 U.S. 833, 133 S.Ct. 122, 184 L.Ed.2d 58 (2012). "The trial judge may not grant relief based merely on some conflict in testimony or because the judge would reach a different conclusion on the same facts." *Id.* at 27, 36 A.3d at 39 (citation and internal quotation marks omitted).

Here, we initially note that Appellant has not complied with our Rules of Appellate Procedure, in that he has failed to cite to any legal authority in support of his weight claim. *See* Pa.R.A.P. 2119(a)-(c). Consequently, Appellant has waived his second issue as well. *See Gilbert, supra*.

Even if Appellant had properly preserved his claim, however, it would not merit relief. The trial court explained that the victim, N.H. testified at trial to years of sexual abuse at the hands of Appellant. Defense counsel cross

examined N.H. thoroughly on the fact that N.H. did not disclose all of the abuse at once, and the jury chose to believe N.H.'s testimony. The trial court stated that "[t]he jury's decision to credit [N.H.'s] eyewitness testimony under such circumstances does not 'shock the conscience' and [its] denial of Appellant's weight of the evidence claim does not, therefore, constitute an abuse of discretion." (Trial Court Opinion at 20-21) (citation omitted). We discern no abuse of discretion in the trial court's refusal to disturb the jury's credibility determinations. *__See Sanchez, supra__*; *__Konias, supra__*. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/6/2022